UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AmGUARD INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>- against -<br><br>COUNTRY PLAZA ASSOCIATES INC. d/b/a COOL FISH RESTAURANT, TOM SCHAUDEL, COOL FISH COMPANY, INC. and MARK SCORDO,<br><br>           Defendants. | Docket No.: CV-13-5205 (JFB)<br><br>**ANSWER AND COUNTERCLAIMS OF DEFENDANTS COUNTRY PLAZA ASSOCIATES INC. d/b/a/ COOL FISH RESTAURANT, TOM SCHAUDEL, AND COOL FISH COMPANY, INC.**<br><br>**Jury Trial Demanded** |

Defendants Country Plaza Associates Inc. d/b/a Cool Fish Restaurant, Tom Schaudel, and Cool Fish Company, Inc. (collectively, "Country Plaza Defendants"), by and through their undersigned attorneys, answer Plaintiff AmGuard Insurance Company's ("Plaintiff") Complaint as follows:

### "THE PARTIES"

1. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Country Plaza Defendants admit the allegations in paragraph 3 of the Complaint.

4. Country Plaza Defendants admit the allegations in paragraph 4 of the Complaint.

5. Country Plaza Defendants admit the allegations in paragraph 5 of the Complaint.

1

6.  Country Plaza Defendants admit the allegations in paragraph 6 of the Complaint.

7.  Country Plaza Defendants admit the allegations in paragraph 7 of the Complaint.

8.  Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.  Paragraph 9 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

## "JURISDICTION AND VENUE"

10. Paragraph 10 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent jurisdiction is properly exercised, Country Plaza Defendants admit that venue is appropriate in this district.

## "THE AmGUARD POLICY"

12. Country Plaza Defendants admit that AmGuard sold policy number COBP203154, with a policy period from September 25, 2011 to September 25, 2012, to Country Plaza, and deny knowledge or information sufficient to form a belief as to the truth of any other allegations in paragraph 12 of the Complaint.

13. Country Plaza Defendants admit that AmGuard sold policy number COBP203154, with a policy period from September 25, 2011 to September 25, 2012, to Country Plaza, and deny knowledge or information sufficient to form a belief as to the truth of any other allegations in paragraph 13 of the Complaint.

14. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and refer to the "AmGuard Policies" for their contents.

15. Country Plaza Defendants deny the allegations in paragraph 15 of the Complaint, and refer to the "AmGuard Policies" for their contents.

16. Country Plaza Defendants deny the allegations in paragraph 16 of the Complaint, and refer to the "AmGuard Policies" for their contents.

17. Country Plaza Defendants deny the allegations in paragraph 17 of the Complaint, and refer to the "AmGuard Policies" for their contents.

18. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint, and refer to the "AmGuard Policies" for their contents.

19. Country Plaza Defendants deny the allegations in paragraph 19 of the Complaint, and refer to the "AmGuard Policies" for their contents.

20. Country Plaza Defendants deny the allegations in paragraph 20 of the Complaint, and refer to the "AmGuard Policies" for their contents.

21. Country Plaza Defendants deny the allegations in paragraph 21 of the Complaint, and refer to the "AmGuard Policies" for their contents.

## "THE UNDERLYING ACTION"

22. Country Plaza Defendants admit the allegations in paragraph 22 of the Complaint.

23. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and refer to the Underlying Action Complaint for its contents.

24. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and refer to the Underlying Action Complaint for its contents.

25. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and refer to the Underlying Action Complaint for its contents.

26. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and refer to the Underlying Action Complaint for its contents.

27. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and refer to the Underlying Action Complaint for its contents.

## "COUNTRY PLAZA AND SCHAUDEL'S TENDER AND THE DECLINATION OF COVERAGE"

28. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Country Plaza Defendants admit that Plaintiff has disclaimed any obligation to defend or indemnify Country Plaza Defendants in the Underlying Action, but deny knowledge or information sufficient to form a belief as to the truth of any other allegations in paragraph 29 of the Complaint.

30. Country Plaza Defendants admit the allegations in paragraph 30 of the Complaint.

31. Country Plaza Defendants admit allegations in paragraph 31 of the Complaint.

## "AS AND FOR A FIRST CAUSE OF ACTION"

32. Country Plaza Defendants repeat prior responses in paragraph 1 through 31 above as if fully set forth here.

33. Country Plaza Defendants deny the allegations in paragraph 33 of the Complaint.

34. Country Plaza Defendants deny the allegations in paragraph 34 of the Complaint.

35. Country Plaza Defendants deny the allegations in paragraph 35 of the Complaint.

36. Country Plaza Defendants deny the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

## "AS AND FOR A SECOND CAUSE OF ACTION"

40. Country Plaza Defendants repeat prior responses in paragraph 1 through 39 above as if fully set forth here.

41. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint, and refer to the "AmGuard Policies" for their contents.

42. Country Plaza Defendants deny the allegations in paragraph 42 of the Complaint.

43. Country Plaza Defendants deny the allegations in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

nydocs1-1024626.1

45. Paragraph 45 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

## "AS AND FOR A THIRD CAUSE OF ACTION"

47. Country Plaza Defendants repeat prior responses in paragraph 1 through 46 above as if fully set forth here.

48. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and refer to the Underlying Action Complaint for its contents.

50. Country Plaza Defendants deny the allegations in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

## "AS AND FOR A FOURTH CAUSE OF ACTION"

54. Country Plaza Defendants repeat prior responses in paragraph 1 through 53 above as if fully set forth here.

55. Country Plaza Defendants deny the allegations in paragraph 55 of the Complaint.

56. Country Plaza Defendants deny the allegations in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

### "AS AND FOR A FIFTH CAUSE OF ACTION"

60. Country Plaza Defendants repeat prior responses in paragraph 1 through 59 above as if fully set forth here.

61. Country Plaza Defendants deny the allegations in paragraph 61 of the Complaint.

62. Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, and refer to the Underlying Action Complaint for its contents.

63. Country Plaza Defendants deny the allegations in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint does not plead facts and therefore requires no response. To the extent a response is required, Country Plaza Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

66. Plaintiff's claims should be dismissed to the extent such claims are barred, in whole or in part, by the applicable statute of limitation.

## SECOND AFFIRMATIVE DEFENSE

67. Plaintiff's claims should be dismissed to the extent such claims are barred, in whole or in part, by the doctrines of wavier, laches, or estoppel.

## FIRST COUNTERCLAIM
### (Breach of Contract)

68. Country Plaza Defendants repeat and reallege the allegations in the above paragraphs as if set forth fully herein.

69. A valid contract exists between Country Plaza Defendants and Plaintiff.

70. Country Plaza Defendants timely paid all premiums due under the AmGuard Policies and materially performed their obligations under the AmGuard Policies.

71. Plaintiff has denied insurance coverage for the Underlying Action.

72. Plaintiff is obligated, by the terms of the AmGuard Policies, to defend Country Plaza Defendants in the Underlying Action.

73. Plaintiff is obligated, by the terms of the AmGuard Policies, to indemnify Country Plaza Defendants in the Underlying Action.

74. Plaintiff has breached its obligations under the AmGuard Policies by failing to defend Country Plaza Defendants in the Underlying Action.

75. Plaintiff has breached its obligations under the AmGuard Policies by failing to indemnify Country Plaza Defendants in the Underlying Action.

76. Country Plaza Defendants have sustained damages as a result of Plaintiff's breach.

77. An actual and justiciable controversy exists between Country Plaza Defendants and Plaintiff regarding the obligation to pay the cost of defense, including investigation, of the Underlying Action.

78. Country Plaza Defendants, and any other insured party if applicable, are entitled to an award against Plaintiff of compensatory, direct, and consequential damages in the amount established by the evidence, pre-judgment and post-judgment interest, attorneys' fees, and such other interest and further relief as may be just.

## SECOND COUNTERCLAIM
### (Declaratory Judgment: Defense and Investigation)

79. Country Plaza Defendants repeat and reallege the allegations in the above paragraphs as if set forth fully herein.

80. As a result of the Underlying Action, Country Plaza Defendants have incurred, and will continue to incur, substantial costs and expenses of defense, including investigation.

81. Plaintiff is obligated, under the AmGuard Policies it sold to Country Plaza Defendants, either to defend Country Plaza Defendants fully against the claims alleged in the Underlying Action or to reimburse Country Plaza Defendants for costs they incurs in defending the Underlying Action.

82. An actual and justiciable controversy exists between Country Plaza Defendants and Plaintiff regarding the obligation to pay the cost of defense, including investigation, of the Underlying Action.

83. Country Plaza Defendants are entitled to have the AmGuard Policies interpreted in a reasonable manner that maximizes their insurance coverage.

84. Country Plaza Defendants thus seek a judicial determination by this Court of Plaintiff's obligation to defend, or pay for the cost, including of investigation, of defending Country Plaza Defendants, and any other insured party if applicable, in the Underlying Action. Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

### THIRD COUNTERCLAIM
**(Declaratory Judgment: Indemnification)**

85. Country Plaza Defendants repeat and reallege the allegations in the above paragraphs as if set forth fully herein.

86. Country Plaza Defendants are entitled to a declaration by this Court of their rights and the obligations of Plaintiff under the AmGuard Policies to indemnify Country Plaza Defendants with respect to any liability alleged in the Underlying Action.

87. Country Plaza Defendants are entitled to have the AmGuard Policies interpreted in a reasonable manner that maximizes their insurance coverage.

88. By reason of the foregoing, an actual and justiciable controversy exists between Country Plaza Defendants and Plaintiff regarding the obligation of Plaintiff to indemnify Country Plaza Defendants.

89. Country Plaza Defendants seek a judicial determination by this Court of Plaintiff's obligation to indemnify Country Plaza Defendants, and any other insured party if applicable, with respect to its liabilities, if any, for alleged damages arising out of the Underlying Action. Such a judicial determination is necessary and appropriate at this time under the circumstances alleged.

**WHEREFORE**, Country Plaza Defendants seek:

A. a declaratory judgment that Country Plaza Defendants are entitled to coverage for the Underlying Action, including a defense in those claims and payment of a settlement that may be reached or a judgment that may be entered in those claims;

B. attorneys' fees;

C. costs;

D. pre-judgment and post-judgment interest;

E. such additional relief as the Court deems just.

Dated: New York, New York
December 20, 2013

By: /s/ Matthew F. Putorti
Matthew F. Putorti, Esq.

ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000

Attorneys for Defendants

Country Plaza Associates Inc. d/b/a Cool Fish Restaurant, Tom Schaudel, and Cool Fish Company, Inc.