UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AmGUARD INSURANCE COMPANY,

      Plaintiff,

- against -

COUNTRY PLAZA ASSOCIATES INC. d/b/a
COOL FISH RESTAURANT, TOM
SCHAUDEL, COOL FISH COMPANY, INC.
and MARK SCORDO,

      Defendants.

13-CV-5205 (JFB) (ARL)

**ANSWER TO COUNTERCLAIM OF COUNTRY PLAZA ASSOCIATES INC. d/b/a COOL FISH RESTAURANT, TOM SCHAUDEL and COOL FISH COMPANY, INC.**

Plaintiff AmGUARD Insurance Company ("AmGuard"), by and through their attorneys Lazare Potter & Giacovas LLP, hereby answers Defendants Country Plaza Associates Inc. d/b/a Cool Fish Restaurant ("Country Plaza"), Tom Schaudel and Cool Fish Company Inc.'s (collectively, "Defendants") Counterclaims (the "Counterclaims") as follows:

## AS AND FOR A RESPONSE TO THE FIRST COUNTERCLAIM

1.     In response to paragraph 68 of the Counterclaim, AmGuard, denies each and every allegation and/or defense set forth in paragraphs 66 and 67 of Defendants' answer to AmGuard's September 18, 2013 Complaint (the "Complaint"), and with respect to paragraphs 1 through 65 of Defendants' answer to the Complaint, refers the Court to and reiterates each and every allegation contained in paragraphs 1 through 65 of AmGuard's Complaint as if fully set forth herein.

2.     Denies the allegations contained in paragraph 69 of the Counterclaim, except admits that AmGuard issued a policy (no. COBP203154) to Country Plaza

effective September 25, 2011 to September 25, 2012 (the "Policy"), further admits that AmGuard issued a policy (no. COBP305065) to Country Plaza effective September 25, 2012 to September 25, 2013 (the "Renewal Policy") (the Policy and Renewal Policy are referred to herein as the "AmGuard Policies"), and respectfully refers the Court to the AmGuard Policies for their full terms, conditions, insureds, exclusions, forms, endorsements and any effect thereof.

3. Denies the allegations contained in paragraph 70 of the Counterclaim.

4. In response to paragraph 71 of the Counterclaim, admits that on September 5, 2013 AmGuard issued a written declination of coverage to Country Plaza and Tom Schaudel ("Schaudel"), and therein disclaimed any obligation to defend or indemnify Country Plaza and Schaudel in connection with an action entitled *Mark Scordo v. Cool Fish, Country Plaza Associates, Inc., Tom Schaudel and Cool Fish Co., Inc.*, United States District Court, Eastern District of New York, Docket No.: 13 CV 4264 (the "Underlying Action") (the "Disclaimer"), respectfully refers the Court to the Disclaimer for its full meaning and content, and denies all remaining allegations.

5. Denies the allegations contained in paragraph 72 of the Counterclaim.

6. Denies the allegations contained in paragraph 73 of the Counterclaim..

7. Denies the allegations contained in paragraph 74 of the Counterclaim.

8. Denies the allegations contained in paragraph 75 of the Counterclaim.

9. Denies the allegations contained in paragraph 76 of the Counterclaim.

10. Admits the allegations contained in paragraph 77 of the Counterclaim.

11. Denies the allegations contained in paragraph 78 of the Counterclaim.

## AS AND FOR A RESPONSE
## TO THE SECOND COUNTERCLAIM

12.     In response to paragraph 79 of the Counterclaim, AmGuard repeats and reiterates each and every response to paragraphs 68 through 78 of the Counterclaim, denies each and every allegation and/or defense set forth in paragraphs 66 and 67 of Defendants' answer to the Complaint, and with respect to paragraphs 1 through 65 of Defendants' answer to the Complaint, refers the Court to and reiterates each and every allegation contained in paragraphs 1 through 65 of AmGuard's Complaint as if fully set forth herein.

13.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Counterclaim.

14.     Denies the allegations contained in paragraph 81 of the Counterclaim.

15.     Admits the allegations contained in paragraph 82 of the Counterclaim.

16.     In response to paragraph 83 of the Counterclaim, AmGuard respectfully refers the Court to the AmGuard Policies for their full terms, conditions, insureds, exclusions, forms, endorsements and any effect thereof, and denies all remaining allegations.

17.     Denies the allegations contained in paragraph 84 of the Counterclaim.

## AS AND FOR A RESPONSE
## TO THE THIRD COUNTERCLAIM

18.     In response to paragraph 85 of the Counterclaim, AmGuard repeats and reiterates each and every response to paragraphs 68 through 84 of the Counterclaim, denies each and every allegation and/or defense set forth in paragraphs 66 and 67 of Defendants' answer to the Complaint, and with respect to paragraphs 1 through 65 of

Defendants' answer to the Complaint, refers the Court to and reiterates each and every allegation contained in paragraphs 1 through 65 of AmGuard's Complaint as if fully set forth herein.

19. Denies the allegations contained in paragraph 86 of the Counterclaim.

20. In response to paragraph 87 of the Counterclaim, AmGuard respectfully refers the Court to the Policy for its full terms, conditions, insureds, exclusions, forms, endorsements and any effect thereof, and denies all remaining allegations.

21. Admits the allegations contained in paragraph 88 of the Counterclaim.

22. Denies the allegations contained in paragraph 89 of the Counterclaim.

## AS AND FOR A FIRST DEFENSE

23. Defendants have failed to state any claim or cause of action for which relief can be granted.

## AS AND FOR A SECOND DEFENSE

24. Defendants' claims are barred, upon information and belief, by laches, waiver and/or estoppel.

## AS AND FOR A THIRD DEFENSE

25. Defendants' claims should be dismissed based on defenses founded upon documentary evidence.

## AS AND FOR A FOURTH DEFENSE

26. Upon information and belief, Defendants have failed to mitigate their alleged damages.

### AS AND FOR A FIFTH DEFENSE

27. AmGuard refers to and incorporates by reference herein the allegations and position stated in its Complaint. For all the reasons stated therein, AmGuard has no defense or indemnity obligation to Country Plaza, Schaudel and/or any other entity or co-defendant in connection with the Underlying Action.

### AS AND FOR A SIXTH DEFENSE

28. As stated in the First Cause of Action contained in paragraphs 32 through 39 of the Complaint, the Underlying Action complaint does not allege damages because of "bodily injury,' 'property damage,' or 'personal and advertising injury," all as defined by the AmGuard Policies; accordingly the AmGuard Policies do not provide coverage to Country Plaza and Schaudel for the Underlying Action, and AmGuard has no duty to defend and no obligation to indemnify Country Plaza and Schaudel in the Underlying Action.

### AS AND FOR A SEVENTH DEFENSE

29. As stated in the Second Cause of Action contained in paragraphs 40 through 46 of the Complaint, each allegation in the Underlying Action complaint arises out of the alleged termination of Mark Scordo's ("Scordo") employment and/or Country Plaza's and Schaudel's other employment-related practices concerning Scordo and, as such, the Underlying Action's allegations fall squarely within the AmGuard Policies' Employment Related Practices Exclusion; accordingly AmGuard has no duty to defend and no obligation to indemnify Country Plaza and Schaudel in the Underlying Action.

## AS AND FOR AN EIGHTH DEFENSE

30. As stated in the Third Cause of Action contained in paragraphs 47 through 53 of the Complaint, the AmGuard Policies were effective from September 25, 2011 through July 21, 2013 and there is and can be no coverage for the Underlying Action to the extent the allegations concern an offense committed outside of the AmGuard Policies' coverage periods; accordingly AmGuard has no duty to defend and no obligation to indemnify Country Plaza and Schaudel in the Underlying Action for any alleged offense committed outside of the AmGuard Policies' coverage periods.

## AS AND FOR A NINTH DEFENSE

31. As stated in the Fourth Cause of Action contained in paragraphs 54 through 59 of the Complaint, if and to the extent Schaudel does not qualify as an "executive officer" or "employee" of Country Plaza as defined by the AmGuard Policies, there is and could be no coverage for him under the AmGuard Policies. Further, if and to the extent Schaudel's alleged acts in connection with the Underlying Action were not performed either pursuant to his duties as a Country Plaza officer or director, or within the scope of his employment by Country Plaza while performing duties related to the conduct of its business, there is and could be no coverage for him under the AmGuard Policies. Accordingly, AmGuard would have no duty to defend and no obligation to indemnify Schaudel in the Underlying Action.

## AS AND FOR A TENTH DEFENSE

32. As stated in the Fifth Cause of Action contained in paragraphs 60 through 65 of the Complaint, the AmGuard Policies contain other exclusions which likewise

preclude coverage for Country Plaza and Schaudel for the Underlying Action, including but not limited to exclusions for injury which is expected or intended, and for "personal and advertising injury:" a) "caused by or at the direction of or with the consent or acquiescence of any insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury;" b) "arising out of oral, written or electronic publication of material, if done by or at the direction of the insured with knowledge of its falsity;" and c) "arising out of discrimination, harassment or humiliation by an officer, director, member or partner of the insured." To the extent it is determined that these or any other exclusions of the AmGuard Policies are applicable to the claims asserted in the Underlying Action, AmGuard would have no obligation to indemnify Country Plaza and Schaudel in the Underlying Action, and would likewise have no duty to defend.

## AS AND FOR AN ELEVENTH DEFENSE

33. If and to the extent AmGuard were found to owe an obligation under the AmGuard Policies, it would be subject to and limited by the stated limits, deductibles, retained limits, self-insured retentions and retentions under said policies.

## AS AND FOR A TWELFTH DEFENSE

34. Defendants' claims are barred in whole or in part by the terms, exclusions, conditions, definitions and limitations in the AmGuard Policies or any other relevant insurance policy issued by AmGuard or any other related or affiliated entity that could be applicable to this claim.

## AS AND FOR A THIRTEENTH DEFENSE

35.     AmGuard reserves the right to assert additional defenses (contract based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

WHEREFORE, AmGuard demands judgment as follows:

a.  dismissing the Counterclaim in its entirety;

b.  awarding AmGuard its costs and expenses;

c.  awarding AmGuard such other and further relief on its Complaint as the Court otherwise deems just and proper; and

d.  awarding such other and further relief as the Court otherwise deems just and proper.

Dated: New York, New York
       January 9, 2014

LAZARE POTTER & GIACOVAS LLP

By: _____
Stephen M. Lazare (SML-2243)
Yale Glazer (YG-1616)
Marci Goldstein Kokalas (MGK-1951)
875 Third Avenue, 28th Floor
New York, New York 10022
(212) 758-9300
*Attorneys for Plaintiff*