UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AmGUARD INSURANCE COMPANY,

                                    Plaintiff,

- against -

COUNTRY PLAZA ASSOCIATES INC. d/b/a
COOL FISH RESTAURANT, TOM SCHAUDEL,
COOL FISH COMPANY, INC. and MARK
SCORDO,

                                    Defendants.

**Docket No.: CV-13-5205 (JFB)**

## COUNTRY PLAZA ASSOCIATES INC. d/b/a COOL FISH RESTAURANT'S, TOM SCHAUDEL'S, AND COOL FISH COMPANY, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)

Pursuant to Fed. R. Civ. P. 26(a)(1), Defendants Country Plaza Associates Inc. d/b/a Cool Fish Restaurant, Tom Schaudel, and Cool Fish Company, Inc. (collectively, "Country Plaza Defendants") make the following initial disclosures.

This Initial Disclosure Statement is based upon information currently known to Country Plaza Defendants or their counsel and is made without prejudice to producing, during core discovery or at trial, data, information, or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently determined to have been omitted from these disclosures.

Country Plaza Defendants expressly reserve the right to revise or to supplement this Initial Disclosure Statement and the information and documents provided pursuant to Country Plaza Defendants' initial disclosure obligations at any time.

Country Plaza Defendants expressly reserve all objections to the use for any purpose of this Initial Disclosure Statement or any of the information and documents referenced herein in this case or any other case or proceeding.

By identifying documents as part of the initial disclosure process, Country Plaza Defendants make no representations and waive no objections regarding the relevance or appropriateness of any particular date range of documents and expressly reserve the right to object on any appropriate grounds, including but not limited to overbreadth and burden, to any document request.

By identifying individuals as part of the initial disclosures process, Country Plaza Defendants make no representations and waive no objections regarding the knowledge or competence of any particular individuals and expressly reserve the right to object on any appropriate grounds, including but not limited to relevance, burden, and competence, to the deposition or the particular testimony of any individual.

### Rule 26(a)(1)(A)(i)

The following persons are likely to have discoverable information that the Country Plaza Defendants may use to support their defenses and counterclaims in this case, other than solely for purposes of impeachment.

| **Individual** | **Subject of Discoverable Information** |
|---|---|
| Noel P. Tripp, Esq.<br>Jackson Lewis P.C.<br>58 S. Service Road, Suite 410<br>Melville, NY 11747<br>631.247.4661 | • Pleadings from the underlying litigation in the United States District Court for the Eastern District of New York captioned *Scordo v. Cool Fish, Country Plaza Associates, Inc., Tom Schaudel, and Cool Fish Co., Inc.*, CV 13-4264 |
| Tom Schaudel<br>77 Rose Drive<br>East Meadow, NY 11554<br>516.361.0391 | • Facts upon which underlying litigation in the United States District Court for the Eastern District of New York captioned *Scordo v. Cool Fish, Country Plaza Associates, Inc., Tom Schaudel, and Cool Fish Co., Inc.*, CV 13-4264 is based |

- 3 -

### Rule 26(a)(1)(A)(ii)

Country Plaza Defendants have the following categories of documents, electronically-stored information, or tangible things in their possession, custody, or control that they may use to support their defenses in this case, other than solely for purposes of impeachment. The materials described below are located with the Country Plaza Defendants.

- Filed pleadings from the underlying litigation in the United States District Court for the Eastern District of New York captioned *Scordo v. Cool Fish, Country Plaza Associates, Inc., Tom Schaudel, and Cool Fish Co., Inc.,* CV 13-4264
- AmGuard insurance policies COBP203154 and COBP305065

Nothing shall waive Country Plaza Defendants' right to assert the attorney-client privilege, work-product doctrine, or other applicable privileges or doctrines ("Privilege") with respect to any of the documents made available to Plaintiff for inspection and review, and Country Plaza Defendants do not admit to the relevancy of any such documents as to the issues in dispute in this action. In the event that Country Plaza Defendants produce documents subject to Privilege, Country Plaza Defendants reserve the right to "claw back" such documents so as to have the same effect as if such documents had not been produced.

Further, the production of any document that is subject to Privilege shall not constitute a specific, general, or subject-matter waiver of Privilege or of Defendant's right to assert that such document is subject to Privilege or otherwise immune from disclosure or to assert that any other document, similar or not, is subject to Privilege or otherwise immune from disclosure.

### Rule 26(a)(1)(A)(iii)

Country Plaza Defendants' damages are ongoing and thus Country Plaza Defendants are unable to compute damages until such time as the underlying litigation is resolved. Those damages, when determined, may include (1) legal defense fees and costs, and (2) settlement or judgment costs. Additionally, Country Plaza Defendants seek pre- and post-judgment interest, attorneys' fees, costs, and such other and further relief as the Court may deem just and proper.

### Rule 26(a)(1)(A)(iv)

Not applicable. This is an insurance coverage case and the insurance policy issued by Plaintiff is at the core of this dispute.

Dated: New York, New York
January 31, 2014

By: ___/s/ Matthew F. Putorti___
Matthew F. Putorti, Esq.

ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000

Attorneys for Defendants
Country Plaza Associates Inc. d/b/a Cool Fish Restaurant, Tom Schaudel, and Cool Fish Company, Inc.