UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AmGUARD INSURANCE COMPANY,

        Plaintiff,

- against -

COUNTRY PLAZA ASSOCIATES INC. d/b/a
COOL FISH RESTAURANT, TOM SCHAUDEL,
COOL FISH COMPANY, INC. and MARK
SCORDO,

        Defendants.

13 CV 5205 (JFB) (ARL)

ECF CASE

# PLAINTIFF'S MEMORANDUM OF LAW IN
# SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**LAZARE POTTER & GIACOVAS LLP**
875 Third Avenue, 28th Floor
New York, NY 10022
(212) 758-9300
*Attorneys for Plaintiff*
*AmGuard Insurance Company*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

STANDARD OF REVIEW .................................................................................................... 2

ARGUMENT .......................................................................................................................... 3

   I. THERE IS NO COVERAGE UNDER THE AMGUARD POLICIES
      FOR THE UNDERLYING ACTION .................................................................... 3

      A.    The Underlying Action Does Not Trigger the AmGuard Policies'
           Insuring Provision ............................................................................................. 5

      B.    The Underlying Action is Otherwise Excluded From Coverage .................... 6

          1.    The Employment-Related Practices Exclusion ......................................... 6

          2.    The Intentional Acts Exclusions ................................................................ 7

CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*44th Hotel Assocs. v. Zurich Ins. Co.*, 174 A.D.2d 475, 571 N.Y.S.2d 251 (1st Dep't 1991) ......... 6

*Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 589 N.E.2d 365, 581 N.Y.S.2d 142 (1992) .......... 4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ........... 2, 3

*Atlantic Mut. Ins. Co. v. Terk Techs. Corp.*, 309 A.D.2d 22, 763 N.Y.S.2d 56 (1st Dep't 2003) .................................................................................................................................. 4

*Berman v. General Acc. Ins. Co. of Am.*, 176 Misc. 2d 13, 671 N.Y.S.2d 619 (N.Y. Sup. Ct. 1998) .................................................................................................................................. 7

*Board of Educ. Of East-Syracuse-Minoa Cent. School Dist. v. Continental Ins. Co.*, 198 A.D.2d 816, 604 N.Y.S.2d 299 (4th Dep't 1993) ................................................................ 7

*Bretton v. Mutual of Omaha Ins. Co.*, 110 A.D.2d 46, 492 N.Y.S.2d 760 (1st Dep't), *aff'd*, 66 N.Y.2d 1020, 489 N.E.2d 1299, 499 N.Y.S.2d 397 (1985) ................................................ 3

*Brooklyn Law School v. Aetna Cas. & Surety Co.*, 661 F.Supp. 445 (E.D.N.Y. 1987) ............... 7

*Burkhart, Wexler & Hirschberg, LLP v. Liberty Ins.*, 60 A.D.3d 884, 875 N.Y.S.2d 590 (2d Dep't 2009) ...................................................................................................................... 4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .......................... 2

*Chimbay v. Avalonbay Communities, Inc.*, 742 F. Supp. 2d 265 (E.D.N.Y. 2008) ....................... 3

*Collins Bldg. Servs., Inc. v. United Capitol Ins. Co.*, 98 CV 3502 (AGS), 1999 WL 259519 (S.D.N.Y. Apr. 30, 1999) ................................................................................................... 7

*Gray-Line of Niagara Falls, Inc. v. Cincinnati Ins. Cos.*, 85 A.D.3d 1613, 925 N.Y.S.2d 300 (4th Dep't 2011) ................................................................................................................. 4

*Haines v. New York Mut. Underwriters*, 30 A.D.3d 1030, 815 N.Y.S.2d 858 (4th Dep't 2006) .... 4

*Hodgson v. United Servs. Auto. Ass'n*, 262 A.D.2d 359, 691 N.Y.S.2d 137 (2d Dep't 1999) ........ 4

*International Chem. Corp. v. Nautilus Ins. Co.*, 09-CV-3595, 2012 WL 32963 (W.D.N.Y. Jan. 6, 2012) ......................................................................................................................... 8

*Lightfoot v. Union Carbide Corp.*, 110 F.3d 898 (2d Cir. 1997) .................................................. 3

*Marvisi v. Greenwich Ins. Co.*, No. 04-CV-6733, 2006 U.S. Dist. LEXIS 32840 (S.D.N.Y. May 23, 2006) ................................................................................................... 4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U.S. 574, 475 U.S. 574, 106 S.Ct. 1348 (1986)..................................................................................................................3

*Metalios v Tower Ins. Co.*, 77 A.D.3d 471, 910 N.Y.S.2d 28 (1st Dep't 2010) ...........................4

*Michael S. Oakley, M.D., PC v. Main Street Am. Group*, 40 Misc.3d 1204(A), 975 N.Y.S.2d 367 (N.Y. Sup. Ct. June 6, 2013) ...............................................................................5, 8

*Nat'l Rest. Mgmt., Inc. v. Executive Risk Indem., Inc.*, 304 A.D.2d 387, 758 N.Y.S.2d 624 (1st Dep't 2003)..................................................................................................................4

*Pavarini Constr. Co. v. Cont'l Ins. Co.*, 304 A.D.2d 501, 759 N.Y.S.2d 56 (1st Dep't 2003)........4

*PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105 (2d Cir. 1997) .......................................................3

*Purdue Frederick Co. v. Steadfast Ins. Co.*, 40 A.D.3d 285, 836 N.Y.S.2d 28 (1st Dep't 2007)..................................................................................................................................4

*Senate Ins. Co. v. Tamarack Am.*, 14 A.D.3d 922, 788 N.Y.S.2d 481 (3d Dep't 2005)..................3

*State Farm Fire & Cas. Co. v. Whiting*, 53 A.D.3d 1033, 862 N.Y.S.2d 420 (4th Dep't 2008).....4

*State Farm Mut. Auto. Ins. Co. v. Glinbizzi*, 9 A.D.3d 756, 780 N.Y.S.2d 434 (3d Dep't 2004)....3

*Swan Consultants, Inc. v. Travelers Prop. Cas. Co.*, 360 F. Supp. 2d 582 (S.D.N.Y. 2005) .........7

*Town of Harrison v. National Union Fire Ins. Co.*, 89 N.Y.2d 308, 675 N.E.2d 829, 653 N.Y.S.2d 75 (1996)............................................................................................................4

*Zahler v. Twin City Fire Ins. Co.*, No. 04-CV-10299, 2006 U.S. Dist. LEXIS 14263 (S.D.N.Y. Mar. 31, 2006) ..................................................................................................4

**Statutes**

Fed. R. Civ. P. 56.......................................................................................................................2, 3

## PRELIMINARY STATEMENT

Defendants Country Plaza Associates Inc. d/b/a Cool Fish Restaurant ("Country Plaza") and Tom Schaudel ("Schaudel") seek insurance coverage for wrongs they allegedly committed against a former employee. Country Plaza and Schaudel, however, cannot be permitted to shift the consequences of their conduct onto their general liability insurer. Indeed this is contrary to the relevant policy language, as well as controlling law. Thus, AmGuard Insurance Company ("AmGuard") respectfully submits this memorandum in support of its motion for summary judgment and for a declaration that it has no obligation to defend or indemnify Country Plaza and Schaudel in connection with an underlying action commenced by their former employee.

Preceding this insurance coverage action is a separate matter in which Mark Scordo ("Scordo") sued Country Plaza and Schaudel (his former employer) alleging, among other claims, failure to pay wages and overtime and retaliatory termination (the "Underlying Action"). Country Plaza and Schaudel asked AmGuard for defense and indemnity under commercial general liability policies (the "AmGuard Policies") for Scordo's claims. AmGuard timely denied the request because the Underlying Action did not allege a covered offense and was otherwise excluded from coverage. Specifically, AmGuard advised that the underlying allegations did not state a claim for "bodily injury," "property damage" or "personal and advertising injury" within the AmGuard Policies' threshold insuring provision – and further, coverage is barred under policy exclusions for employment-related practices and intentional conduct.

AmGuard thereafter commenced the instant matter seeking judicial confirmation of the propriety of its declination of coverage, which is evident from AmGuard's instant complaint, as well as the face of the underlying complaint and AmGuard Policies. As detailed herein:

-- The underlying complaint does not allege "bodily injury," "property damage" or "personal and advertising injury" as defined by the AmGuard Policies. There

1

are no underlying allegations of distress or bodily harm. Similarly, Scordo does not allege conduct giving rise to any of the AmGuard Policies' enumerated personal and advertising injury offenses. Thus the AmGuard Policies' insuring provision is not triggered and, for this reason alone, AmGuard's coverage denial should be upheld. (*infra* pp. 3-6); and

-- Alternatively, policy exclusions bar coverage. For example, all of Scordo's claims plainly arise out of his termination from employment and other employment-related, *i.e.* reassignment, discipline and harassment – *and intentional* – acts by Country Plaza and Schaudel. Thus, the underlying allegations fall squarely within the AmGuard Policies' Employment Related Practices and intentional acts exclusions. For this additional reason, AmGuard's disclaimer was proper. (*infra* pp. 6-9).

For all the reasons stated herein, AmGuard respectfully asks this Court to grant its motion for summary judgment and declare that AmGuard owes no coverage to Country Plaza and Schaudel in connection with the Underlying Action.

## STATEMENT OF FACTS

The Court is respectfully referred to the accompanying March 5, 2014 Local Civil Rule 56.1 Statement ("Rule 56.1 Statement"), the March 4, 2014 Declaration of Chris Ryan ("Ryan Dec.") and the March 5, 2014 Declaration of Marci Goldstein Kokalas, Esq. ("Kokalas Dec."), and the exhibits annexed thereto, for the facts relevant to AmGuard's motion for summary judgment.

## STANDARD OF REVIEW

Fed. R. Civ. P. 56 (c) provides that summary judgment shall be rendered forthwith "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The party opposing the motion may not simply rest on the allegations in the pleadings; nor may it rely on

evidence that is merely colorable, speculative or conclusory. *See Anderson*, 477 U.S. at 248-50; *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 908 (2d Cir. 1997); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1111 (2d Cir. 1997); *see also See* Fed. R. Civ. P. 56 (e). To defeat a summary judgment motion, the opposing party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986) (further stating that there must be more than "some metaphysical doubt as to the material facts") (internal citations omitted). Country Plaza and Schaudel cannot meet this burden.

## ARGUMENT

### I.

### THERE IS NO COVERAGE UNDER THE AMGUARD POLICIES FOR THE UNDERLYING ACTION

Courts must resolve coverage disputes "based on the policy's specific language" and in accordance with the "plain and ordinary meaning" of such language. *State Farm Mut. Auto. Ins. Co. v. Glinbizzi*, 9 A.D.3d 756, 757, 780 N.Y.S.2d 434, 436 (3d Dep't 2004). "Where the terms of an insurance policy are clear and unambiguous, interpretation of those terms is a matter of law for the court." *Senate Ins. Co. v. Tamarack Am.*, 14 A.D.3d 922, 923, 788 N.Y.S.2d 481, 482 (3d Dep't 2005). "A court, no matter how well-intentioned, cannot create policy terms by implication or rewrite an insurance contract." *Bretton v. Mutual of Omaha Ins. Co.*, 110 A.D.2d 46, 49, 492 N.Y.S.2d 760, 762 (1st Dep't), *aff'd,* 66 N.Y.2d 1020, 489 N.E.2d 1299, 499 N.Y.S.2d 397 (1985). Nor can an insured's "reasonable expectations" trump the plain, unambiguous terms of the insurance contract. *See Chimbay v. Avalonbay Communities, Inc.*, 742 F. Supp. 2d 265, 284 (E.D.N.Y. 2008) (stating "[u]nambiguous terms are to be given their plain and ordinary meaning).

When assessing whether an insured is entitled to liability coverage (*i.e.*, a defense and indemnity), a court must examine the underlying allegations against the insurance policy. As a matter of law, there is no duty to defend or indemnify where the underlying allegations present "no possible factual or legal basis on which [the insurer] might eventually be obligated to indemnify its insured under any policy provision." *Atlantic Mut. Ins. Co. v. Terk Techs. Corp.*, 309 A.D.2d 22, 30, 763 N.Y.S.2d 56, 62 (1st Dep't 2003).[1] Stated differently, "if the [underlying] allegations, on their face, do not bring the case within the [policy's] coverage, there is no duty to defend or indemnify." *Burkhart, Wexler & Hirschberg, LLP v. Liberty Ins.*, 60 A.D.3d 884, 886, 875 N.Y.S.2d 590, 591-92 (2d Dep't 2009).

In such cases – as here – New York courts commonly grant judgment in favor of the carrier as a matter of law. *See, e.g., Town of Harrison v. National Union Fire Ins. Co.*, 89 N.Y.2d 308, 317, 675 N.E.2d 829, 832, 653 N.Y.S.2d 75, 78 (1996) (no duty to defend or indemnify where underlying action alleged conduct that was not within the policy's coverage; summary judgment for insurer); *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 163, 589 N.E.2d 365, 370, 581 N.Y.S.2d 142, 147 (1992) (same; "where it can be determined from the factual allegations that 'no basis for recovery within the coverage of the policy is stated in the complaint, [a court] may sustain [the insurer's] refusal to defend'").[2]

---

[1] *See, e.g., Zahler v. Twin City Fire Ins. Co.*, No. 04-CV-10299, 2006 U.S. Dist. LEXIS 14263 (S.D.N.Y. Mar. 31, 2006) (dismissed on pleading); *Marvisi v. Greenwich Ins. Co.*, No. 04-CV-6733, 2006 U.S. Dist. LEXIS 32840 (S.D.N.Y. May 23, 2006) (same); *Purdue Frederick Co. v. Steadfast Ins. Co.*, 40 A.D.3d 285, 836 N.Y.S.2d 28, 29 (1st Dep't 2007) (same); *Nat'l Rest. Mgmt., Inc. v. Executive Risk Indem., Inc.*, 304 A.D.2d 387, 758 N.Y.S.2d 624 (1st Dep't 2003) (same); *Pavarini Constr. Co. v. Cont'l Ins. Co.*, 304 A.D.2d 501, 759 N.Y.S.2d 56 (1st Dep't 2003); *Hodgson v. United Servs. Auto. Ass'n*, 262 A.D.2d 359, 691 N.Y.S.2d 137 (2d Dep't 1999).

[2] *See, also, e.g., Gray-Line of Niagara Falls, Inc. v. Cincinnati Ins. Cos.*, 85 A.D.3d 1613, 1614, 925 N.Y.S.2d 300, 301 (4th Dep't 2011) (same); *Metalios v Tower Ins. Co.*, 77 A.D.3d 471, 472, 910 N.Y.S.2d 28, 29 (1st Dep't. 2010) (same); *Burkhart*, 60 A.D.2d at 886, 875 N.Y.S.2d at 591-92 (2d Dep't 2009) (same); *State Farm Fire & Cas. Co. v. Whiting*, 53 A.D.3d 1033,1034-35, 862 N.Y.S.2d 420, 421 (4th Dep't 2008) (same); *Haines v. New York Mut. Underwriters*, 30 A.D.3d 1030, 1031, 815 N.Y.S.2d 858, 858 (4th Dep't 2006) (same); *see also cases cited supra* n. 5.

Country Plaza and Schaudel simply cannot establish they are entitled to coverage. First, the Underlying Action complaint does not give rise to a claim (and for that matter, a potential judgment) within the AmGuard Policies' insuring provision (*infra* pp. 5-6). Further, even if the Underlying Action had triggered that insuring provision (which, it did not), it remains that policy exclusions bar Country Plaza and Schaudel's coverage claim. (*infra* pp. 6-9). Accordingly, AmGuard's motion should be granted.

A.  **The Underlying Action Does Not Trigger the AmGuard Policies' Insuring Provision**

Pursuant to the unambiguous terms of the AmGuard Policies, AmGuard's coverage obligation extends only to "sums that the insured becomes legally obligated to pay as damages because of "bodily injury,' 'property damage,' or 'personal and advertising injury'." (Ryan Dec., ¶ 5; Kokalas Dec., ¶ 3; Exhs. "A-1" and "B-1"). The Underlying Action does not allege "bodily injury," "property damage" or "personal and advertising injury" as defined by the AmGuard Policies.

First, "'bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Ryan Dec., ¶ 6; Kokalas Dec., ¶ 3; Exhs. "A-1" and "B-1"). The alleged Fair Labor Standards Act and New York Labor Law violations, as well as fraudulent concealment of hours, retaliatory discharge and prima facie tort in connection with Scordo's prospective employment, indisputably do not meet the policy definitions for any such injury. *See, e.g. Michael S. Oakley, M.D., PC v. Main Street Am. Group*, 40 Misc.3d 1204(A), 975 N.Y.S.2d 367 (N.Y. Sup. Ct. June 6, 2013) (finding no occurrence alleged in underlying action with respect to workplace sexual harassment and declining to extend coverage under homeowner's policy). Indeed there are no allegations of distress or any other type of "bodily injury." (Ryan Dec., ¶¶ 10-17; Kokalas Dec., ¶ 3; Exh. "C"). Moreover, it is

5

indisputable that "property damage" is not at issue. (Ryan Dec., ¶¶ 10-17; Kokalas Dec., ¶ 3; Exh. "C").

Similarly, coverage is lacking because the Underlying Action complaint does not allege "personal and advertising injury" as defined by the AmGuard Policies – there are, in fact, no allegations that qualify for any of the enumerated offenses listed therein. (Ryan Dec., ¶ 7; Kokalas Dec., ¶ 3; Exhs. "A-1" and "B-1"). *See e.g. 44th Hotel Assocs. v. Zurich Ins. Co.*, 174 A.D.2d 475, 571 N.Y.S.2d 251 (1st Dep't 1991) (finding defendant carrier was not obligated to defend or indemnify insured in underlying action where, upon comparison of policy, *i.e.* enumerated personal and advertising injury offenses, and complaint, court perceived "no reasonable possibility that the [insured] might be held liable for [any of the enumerated offenses]").

Thus, the AmGuard Policies' insuring provision is not triggered and there can be no coverage. For this reason, the Court should grant AmGuard's motion and declare that it is not obligated to defend or indemnify Country Plaza and Schaudel in connection with the Underlying Action.

B. **The Underlying Action is Otherwise Excluded From Coverage**

1. *The Employment-Related Practices Exclusion*

Even if it were determined that the Underlying Action complaint alleged "bodily injury" or "personal and advertising injury" (which clearly it does not), there still would be no coverage. The Employment-Related Practices Exclusion (the "ERPE") unambiguously bars coverage for "bodily injury" and/or "personal and advertising injury" arising out of any refusal to employ, termination or employment-related practices such as evaluation, reassignment, demotion, defamation or discrimination. (Ryan Dec., ¶ 8; Kokalas Dec., ¶ 3; Exhs. "A-2" and "B-2").

Each allegation in the Underlying Action complaint arises out of the termination of Scordo's employment and Country Plaza and Schaudel's other employment-related practices concerning Scordo. For instance, Scordo alleged:

- During the course of his employment, he was not compensated for thousands of hours that he worked; and Country Plaza and Schaudel intentionally concealed the overtime hours he worked in order to avoid compensating him. (Ryan Dec., ¶¶ 11-14; Kokalas Dec., ¶ 3; Exh. "C," ¶¶ 10-28, pp. 3-4, 32-33, pp. 5-6);

- Scordo was subject to retaliation and retaliatory termination regarding the wage and hour claim he lodged against Country Plaza and Schaudel – his hours were reduced and he was removed from the weekend shift, and thereafter he was terminated. (Ryan Dec., ¶ 15-17; Kokalas Dec. ¶ 3, Exh. "C" at ¶ 30, p. 4, ¶¶ 23-30, p. 5); and

- Schaudel interfered with Scordo's prospective employment opportunity by telephoning his new employer and advising them not to hire Scordo. (Ryan Dec., ¶¶ 16-17; Kokalas Dec. ¶ 3, Exh. "C" at ¶ 30, p. 4, ¶¶ 23-30, 35 pp. 5-6).

Thus there can be no coverage pursuant to the AmGuard Policies' ERPE. *See e.g. Collins Bldg. Servs., Inc. v. United Capitol Ins. Co.*, 98 CV 3502 (AGS), 1999 WL 259519 (S.D.N.Y. Apr. 30, 1999) (affirming disclaimer of coverage for action arising out of termination from employment and allegations of harassment and humiliation pursuant to ERPE).[3] For this additional reason AmGuard is entitled to a declaration of non-coverage.

2.  ***The Intentional Acts Exclusions***

Further, it is a basic premise of insurance and strong public policy that insurance coverage can extend only to non-fortuitous, unintentional conduct. *See, e.g., Swan Consultants,*

---

[3]   *See also Brooklyn Law School v. Aetna Cas. & Surety Co.*, 661 F.Supp. 445, 452 (E.D.N.Y. 1987) (absolving defendant-carrier of duty to defend lawsuit alleging defamation and prima facie tort claims under exclusion for employment-related injuries, which precluded coverage for "personal injury" because it "happen[ed] to an employee"); *Board of Educ. Of East-Syracuse-Minoa Cent. School Dist. v. Continental Ins. Co.*, 198 A.D.2d 816, 604 N.Y.S.2d 299 (4th Dep't 1993) (finding coverage barred under exclusion that stated "[t]his insurance does not apply to . . . ["bodily injury"] to . . . [a]n employee of the insured arising out of and in the course of employment by the insured" where underlying complaint alleged injuries arising out of and in the course of plaintiff's employment with the insured); *Berman v. General Acc. Ins. Co. of Am.*, 176 Misc. 2d 13, 671 N.Y.S.2d 619 (N.Y. Sup. Ct. 1998) (finding ERPE barred coverage for defamation claim whereby employer criticized former employee in statements to staff and patient).

7

*Inc. v. Travelers Prop. Cas. Co.*, 360 F. Supp. 2d 582, 591 (S.D.N.Y. 2005). In this vein, the AmGuard Policies, like all others of this type, exclude claims based on intentional acts. Specifically, the AmGuard Policies bar coverage of any "'bodily injury' . . . expected or intended [by] any insured" and "'personal and advertising injury' caused by or at the direction of or with the consent or acquiescence of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" (the "Intentional Acts Exclusions"). (Ryan Dec., ¶¶ 9-10; Kokalas Dec., ¶ 3; Exhs. "A-1" and "B-1").

The Underlying Action is based solely on claims of intentional acts, *supra* p. 7. (Ryan Dec., ¶¶ 11-17; Kokalas Dec., ¶ 3; Exh. "C"). Thus, the Intentional Acts Exclusions also bar coverage of Scordo's claims and AmGuard has no duty to defend or indemnify Country Plaza and Schaudel in connection with the Underlying Action. *See Michael S. Oakley, M.D.*, 40 Misc.3d at 1204(A) (granting summary judgment to defendant-carrier where underlying factual allegations exclusively assert intentional conduct and acts on the part of the insureds); *International Chem. Corp. v. Nautilus Ins. Co.*, 09-CV-3595, 2012 WL 32963, *4 (W.D.N.Y. Jan. 6, 2012) (finding no duty to defend where every allegation against the insured accused it of "intentional conduct" and the "clear and unmistakable" terms of the policy, *i.e.* the personal and advertising injury intentional act exclusion, excluded such acts from coverage).

For this additional reason, AmGuard is entitled to a declaration of non-coverage.

\* \* \*

Finally, the AmGuard Policies were effective from September 25, 2011 through September 25, 2013. (Ryan Dec., ¶¶ 2-3; Kokalas Dec., ¶ 3; Exhs. "A" and "B"). A portion of the alleged conduct took place outside of the AmGuard Policies' policy periods. (Ryan Dec., ¶

11; Kokalas Dec., ¶ 3; Exh. "C," ¶¶ 10-28, pp. 3-4, 32-33, pp. 5-6). In addition to the reasons stated above, there is no coverage for any such conduct.

## CONCLUSION

For the reasons set forth herein and in the accompanying papers, AmGuard's motion should be granted in its entirety.

Dated: New York, New York
March 5, 2014

LAZARE POTTER & GIACOVAS LLP

By: _____
Yale Glazer (YG-1616)
Marci Goldstein Kokalas (MG-1951)
875 Third Avenue, 28th Floor
New York, New York 10022
(212) 758-9300
yglazer@lpgllp.com
mgoldstein@lpgllp.com
*Attorneys for Plaintiff*

TO: Matthew F. Putorti, Esq.
Anderson Kill
1251 Avenue of the Americas
New York, New York 10020
mputorti@andersonkill.com
*Attorneys for Defendants Country Plaza Associates Inc.
d/b/a Cool Fish Restaurant and Tom Schaudel*